IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL BROOKS,

    Plaintiff,

  v.                                                                                          No. CIV 11-655 JCH/GBW

FNU HATCHETT *et al.*,

    Defendant.

## ORDER DENYING APPOINTMENT OF COUNSEL

**THIS MATTER** comes before the Court on Plaintiff's "Motion for Appointment of Counsel" ("Motion").[1] *Doc. 5.* Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.' The decision to appoint counsel is left to the sound discretion of the district court." *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v.*

---

[1] The title of the motion within the filing mistakenly labels this as "Respondents" motion.

*Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. Plaintiff has failed to show that he has made real efforts to obtain counsel from legal aid or legal services organizations without payment of a fee or on a contingent fee basis. *See Doc. 5*. Rather, Plaintiff simply makes the conclusory statement that he "has made repeated efforts to obtain a lawyer." *See id.* ¶ 4. Additionally, at this early stage of the litigation the Court is without sufficient information to judge the merits of Plaintiff's claims or the nature of the factual issues raised. Accordingly, I find that Plaintiff has not met his burden, and the motion will be denied at this time.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's "Request for Court Appointed Attorney" *(Doc. 3)* is **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE