IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL BROOKS,

    Plaintiff,

v.                                                No. CIV 11-0655 JH/GBW

WARDEN HATCHETT,
N.E.N.M.D.F.--ETAL,
CORRECTIONAL MEDICAL SERVICES--ETAL,
DR. FARIS,
P.A. PAQUEN,
GENERAL HOSPITAL UNION COUNTY--ETAL,
DR.WALDEN,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's complaint will be dismissed with leave to amend.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants negligently misdiagnosed Plaintiff's tuberculosis, resulting in permanent damage to his lungs. Plaintiff also asserts that Defendants exhibited "medical indifference to [his] condition." He contends that Defendants' actions violated his civil rights, and he seeks damages.

Plaintiff's allegations that Defendants were negligent in their treatment of his condition do not state claims for relief under 42 U.S.C. § 1983. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *cf. Farmer v. Brennan*, 511 U.S. 825, 847 (1994). On the other hand, Plaintiff's allegation that Defendants exhibited "medical indifference" may constitute an Eighth Amendment claim. Nonetheless, he describes no conduct amounting to indifference, and thus the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court will dismiss Plaintiff's complaint with leave to present plausible factual allegations in an amended complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; and, within thirty (30) days from entry of this order, Plaintiff may file an amended complaint containing "enough facts

[alleging medical indifference] to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570.

```
_____
UNITED STATES DISTRICT JUDGE
```