IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL BROOKS,

    Plaintiff,

v.                                                                           No. CIV 11-0655 JH/GBW

WARDEN HATCHETT,
N.E.N.M.D.F.--ETAL,
CORRECTIONAL MEDICAL SERVICES--ETAL,
DR. FARIS,
P.A. PAQUIN,
GENERAL HOSPITAL UNION COUNTY--ETAL,
DR.WALDEN,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's amended civil rights complaint. For the reasons below, certain of Plaintiff's claims will be dismissed.

    By order entered on March 15, 2012 (Doc. 19), the Court dismissed Plaintiff's original complaint, with leave to amend, for failure to state claims under 42 U.S.C. § 1983 against the named Defendants. In response to the order, Plaintiff filed a motion to amend (Doc. 21). By order entered on April 4, 2012 (Doc. 22), the Court granted the motion and construed its allegations, together with the original complaint, as an amended complaint.

    In the amended complaint, Plaintiff makes certain allegations that appear to survive preliminary review. He alleges that, three days after being released back to the prison from a brief hospitalization, he lapsed into critical condition. He was rushed to General Hospital Union County

and then to Santa Fe for additional treatment. When he again returned to the prison, Defendant Correctional Medical Services "ran out of Plaintiffs critical meds" for a week. These allegations, which must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21(1972) (per curiam), may assert more than mere negligence.

No relief is available on Plaintiff's allegation that Defendants Walden and General Hospital Union County released him five hours after determining that he had serious respiratory trouble. Because the complaint does not allege that Plaintiff's release was without provision for continued treatment, this "claim . . . [lacks] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will not "assume the role of advocate." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). Furthermore, the Court dismissed Plaintiff's claim against Defendant Paquin in the earlier order, and Plaintiff makes no factual allegations against the other named Defendants. "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). The Court will dismiss Plaintiff's claims against these named Defendants.

The Court takes notice that the named Defendant Correctional Medical Services is now known as Corizon, Inc. *See Sarshik v. Correctional Medical Services, Inc.*, No. CV 11-0927 WJ/ACT, Doc. 4. Under rule 4(d)(1)(A)(ii) of the Federal Rules of Civil Procedure, notice and waiver of service forms will be issued for this Defendant.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Hatchett, Faris, Paquin, General Hospital Union County, and Walden are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service

forms, with copies of the complaint (Docs. 1, 21) and this Order, to Defendant Correctional Medical Services (Corizon, Inc.).

_____
UNITED STATES DISTRICT JUDGE