IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL BROOKS,

    Plaintiff,

v.                                                                 Civ. 11-655 JH/GBW

CORRECTIONAL MEDICAL
SERVICES, INC.,

    Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL

**THIS MATTER** is before the Court on Plaintiff's Motion to Appoint Counsel. D*oc. 29*.[1] Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v.*

---

[1] The "motion" is actually a letter to the Court; however, the Court addresses it as a motion given the clear request therein.

*Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors.  Within his Motion, Plaintiff simply asserts that he has contacted several possible sources of counsel without success.  Based on the court's own review, none of the *Thomas* factors support granting the Motion.  As such, the Motion will be denied.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, (*doc. 29*), is **DENIED**.
.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE