IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL BROOKS

    Plaintiff,

v.                                              CIV. No. 11-655 JCH/GBW

CORRECTIONAL MEDICAL SERVICES,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Defendant's Motion for Summary Judgment (*doc. 33*). I recommend that the Court dismiss the case without prejudice for failure to exhaust administrative remedies.

### **Background**

Plaintiff filed his § 1983 action on July 26, 2011 (*doc. 1*). He subsequently filed a motion for leave to amend the Complaint on March 21, 2012 (*doc. 21*). On April 4, 2012, the Court construed that motion as a supplement to the original Complaint, and treated the two documents together as an Amended Complaint (*doc. 22*).

In Plaintiff's Amended Complaint, Plaintiff named several Defendants: FNU Hatchett, Correctional Medical Services, FNU Faris, FNU Paquen, General Hospital Union County, and FNU Walden. (*Doc. 1*). Defendants FNU Hatchett, FNU Faris, FNU Walden, FNU Paquen, and General Hospital Union County were dismissed on April 16, 2012. (*Doc. 23*).

As against the remaining Defendant, Correctional Medical Services, Plaintiff alleges a "deprivation of Plaintiff's physical health" due to Defendant's failure to properly treat Plaintiff's tuberculosis. (*Doc. 1* at 1). Plaintiff alleges that in September 2009, he received a physical examination from a "Nurse Blye" during which he did not receive a tuberculosis test.(*Doc 21* at 2). He was prescribed oral instead of intravenous antibiotics as treatment. (*Doc. 21* at 2-3). At some point Plaintiff was deprived of these antibiotics, once for a day and once for a week. (*Id.* at 3). He later received a bronchoscopy which indicated he had serious respiratory issues. (*Doc. 21* at 3). Plaintiff was discharged five hours after receiving the bronchoscopy. (*Id.*). He had to be taken back to the hospital three days later "in critical condition." (*Doc. 21* at 3)

Plaintiff states that he now has permanent damage to his lungs as a consequence of Defendant's inattention to his medical condition. (*Doc. 1* at 2). On this basis, this Court construes his Complaint to allege a state law claim of medical negligence under the New Mexico Tort Claims Act and a violation of Plaintiff's Eighth Amendment rights under the U.S. Constitution. N.M. STAT. § 41-5-4 (1978); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody."). Plaintiff requests damages in the amount of $1,000,000.00, as well as lifetime medical care and a "review of medical procedures." (*Doc. 1* at 2).

## Undisputed Material Facts

The undisputed material facts are as follows:

1) Plaintiff was incarcerated in the Northeastern New Mexico Detention Facility ("NENMDF") from October 23, 2008, to November 10, 2009.  (*Doc. 33*, ex. C, ¶ 4.)

2) As of September 7, 2009, Plaintiff was suffering from a respiratory illness (*Id.*, ex. A, at 0009).

3) On September 8, 2009, Plaintiff completed a Health Service Request Form ("HSRF") indicating that he had a respiratory illness.  (*Id.*, ex. A at 0010). The Physician's Orders Form from that date states that Plaintiff was prescribed erythromycin and Cipro. (*Id.*, ex. A at 0017)

4) On September 10, 2009, Plaintiff completed an HSRF in which he stated that he did not have antibiotics or cough medicine and he was still ill. (*Id.*, ex. A at 0011).

5) On September 11, 2009, Plaintiff was examined by medical staff at the prison, who noted that Plaintiff stated he was "fine". (*Id.*, ex. A at 0011).

6) On September 25, 2009, Plaintiff had a follow-up examination that indicated Plaintiff's illness had not resolved but that Plaintiff was feeling "some better." Based on the examination Plaintiff was ordered to have additional testing.  (*Id.*, ex. A at 0012).

7) On September 26, 2009, Plaintiff was given a chest x-ray that indicated ongoing respiratory illness in the form of infiltrates in his right lung.  (*Id.*, ex. A at 0013).

8) On October 1, 2009, Plaintiff completed an HSRF in which he requested a follow up on his medical test results and noted that he still had a cough. (*Id.,* ex. A at 0014).

9) On October 7 and 8, 2009, Plaintiff completed HSRFs in which he again complained of medical issues including a cough. (*Id.,* ex. A at 0015, 0016). The notation on the October 8 HSRF indicated that Plaintiff was seen on October 9, 2009. (*Id.,* ex. A at 0016).

10) On October 9, 2009 Plaintiff was prescribed Rocephin and Doxycycline. (*Id.,* ex. A at 0017).

11) On October 13, 2009, Plaintiff presented with oxygen saturation at 98%, no fever, but with indications of right side pneumonia. He reported that he felt "some better." He was scheduled for a follow up appointment "next Tuesday" (October 20, 2009) and prescribed Keflex. (*Id.,* ex. A at 0017, 0018).

12) On October 19, 2009, Plaintiff completed an HSRF in which he complained of being out of medication. (*Id.,* ex. A at 0019.)

13) On October 20, 2009 Plaintiff received a follow-up examination in which he complained of ongoing symptoms including coughing up phlegm and night sweats. The treating nurse referred Plaintiff to a physician. The physician observed right side pneumonia. (*Id.,* ex. A at 0019, 0022.)

14) On October 21, 2009, Plaintiff was ordered to be given a chest x-ray. (*Id.,* ex. A at 0021).

15) On October 24, 2009, Plaintiff was taken to the hospital for follow up testing and received two CAT scans and a bronchoscopy. (*Id.,* ex. A at 0018, 0021-22.)

16) On October 27, 2009, Plaintiff was prescribed Rocephin, doxycycline, and Prednisone. (*Id.,* ex. A at 0021).

17) On October 31, 2009, Plaintiff was taken to the hospital with flu-like symptoms. He was prescribed an Albumin inhaler. (*Id.,* ex. A at 0018).

18) Also on October 31, 2009, Plaintiff's chest x-rays revealed modest infiltrates in his right lung. (*Id.,* ex. A at 0023).

19) On November 1, 2009, Plaintiff was taken to the ER with breathing trouble and given oxygen and Rocephin. (*Id.,* ex. A at 0025).

20) On November 10, 2009, Plaintiff was transported to the Central New Mexico Correctional Facility Long Term Care Unit because of his medical needs. (*Id.,* ex. C, ¶ 5).

21) The New Mexico Corrections Department had an established grievance procedure in September, October, and November 2009. (*Id.,* ex. D, ¶ 7).

22) There is no record of Plaintiff filing any grievance related to the above-described medical treatment. (*Id.,* ex. D ¶¶ 10-12).

23) The Plaintiff filed two grievances in relation to medical care. (*Id.,* ex. D ¶¶ 10-12). These grievances were filed in February and April of 2011, and related to the alleged failure to provide him with Mylanta and prescription medication for his cough and allergies. *Id.*

## Analysis

### I. <u>Standard of Review</u>

Federal Rule of Civil Procedure 56(a) mandates dismissal where, upon consideration of all the briefing before the court, no genuine issue as to any material fact exists, and based on that briefing, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must construe the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Summary judgment may be reached on the "pleadings, depositions, answers to interrogatories, and admissions on file" alone. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 *(1986).* The moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. But the opposing party must present more than conjecture and conclusory statements to defeat a summary judgment motion. *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

### II. <u>Plaintiff Has Failed to Exhaust Administrative Remedies</u>

A prisoner is required to exhaust all administrative remedies available to him prior to suing over prison conditions.  42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 204 (2007).  Exhaustion is required even where the available remedies do not seem to accord with the relief requested, because "exhaustion" refers to the exhaustion of processes, not to any particular form of redress sought by a prisoner.  *See Booth v. Churner*, 532 U.S. 731, 741 at n.6 (2001).

Thus, even where a prisoner seeks monetary damages and a prison administrative process cannot provide those damages, a prisoner is still required to exhaust all administrative remedies before bringing suit.  *Id.* at 740-41.  Substantial compliance with administrative grievance procedures is not sufficient – the grievance process must be concluded before the prisoner can sue under § 1983.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The prisoner bears the burden of demonstrating exhaustion.  *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005).

Here, upon a review of the material undisputed facts, there is no indication that Plaintiff ever filed even an informal grievance relating to the claims in the instant case. Plaintiff does not allege that he has done so at any point in his Amended Complaint. (*Docs. 1, 21*.)  Defendant presents evidence, in the form of an affidavit from Grievance Lieutenant Jessica Vigil, that there is no record of Plaintiff filing a grievance in relation

to the events described above. (*Doc. 33*, ex. D, ¶¶ 10-12.) Plaintiff was demonstrably aware of these procedures because he availed himself of them at later dates. *Id.*

I therefore conclude that because Plaintiff has failed to meet his burden of showing that there is at least a disputed issue of material fact about whether or not he has satisfied the administrative exhaustion requirement of the PLRA, this Court should find in favor of the Defendant and dismiss this suit without prejudice. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (dismissals for failure to exhaust generally are without prejudice).

### III. Plaintiff's Claim Under the Eighth Amendment

Because Plaintiff has failed to meet his burden in reference to exhaustion, I see no need to consider his claim under the Eighth Amendment in reference to a deprivation of medical care.

### IV. Plaintiff's Claim Under the New Mexico Tort Claims Act

Upon dismissal of all claims over which it has original jurisdiction, the District Court has discretion to decide whether or not it will adjudicate the claims over which it has supplemental jurisdiction. 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction.").

Absent the § 1983 action, Plaintiff's only remaining claim is a state law claim for medical negligence. Given that the dismissal of the federal claim would be early in the

litigation process, I recommend that this Court exercise its discretion to decline jurisdiction over Plaintiff's medical negligence claim and dismiss it without prejudice. Such an action will still give Plaintiff at least thirty days to file his state claim in state court.  *See* 28 U.S.C.A. § 1367 (d).

## Conclusion

Defendant has established that there is no genuine issue of fact regarding Plaintiff's failure to exhaust his administrative remedies as required by the PLRA, 42 U.S.C. 1997e(a).  For that reason, I recommend that Defendant's motion for summary judgment be GRANTED as to Plaintiff's § 1983 claim and that claim be DISMISSED without prejudice.  Further, I recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state medical negligence claim and that claim be DISMISSED without prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**